IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS ROSS, JAMAL MOORE, ROBERT SMITH and REGINA SMITH, individually and on behalf of all others similarly situated,<br><br>    *Plaintiffs*,<br><br>v.<br><br>CREDIT ACCEPTANCE CORPORATION,<br><br>    *Defendant*. | Civil Action No. _____ |

## NOTICE OF REMOVAL

Defendant Credit Acceptance Corporation ("Credit Acceptance") hereby files this Notice of Removal of this action from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453. This Court has jurisdiction over the action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because this is a putative class action with more than 100 class members seeking to recover more than $5,000,000, and there is diversity of citizenship. Credit Acceptance states the following as grounds for removal:

### Background

1. On June 3, 2022, Plaintiffs Dennis Ross, Jamal Moore, Robert Smith and Regina Smith ("Plaintiffs") commenced this putative class action in the Court of Common Pleas of Philadelphia County, Pennsylvania. A copy of Plaintiffs' Complaint is attached hereto as **Exhibit 1**.

2. Plaintiffs purport to represent a class of individuals who allegedly "had their Motor Vehicle repossessed by [Credit Acceptance] in Pennsylvania and were subsequently sent a post-

repossession consumer disclosure notice ('Notice of Repossession') and/or a post-sale explanation of deficiency notice ('Post-Sale Notice')." (Compl. ¶ 1.)

3. Plaintiffs allege that Credit Acceptance is "failing to comply with the strict statutory requirements of the Uniform Commercial Code ('UCC'), independently, and in *pari materia* with the [Motor Vehicle Sales Finance Act ('MVSFA')], regarding Notices of Repossession and Post-Sale Notices." (*Id.* ¶ 2.)

The Notice of Repossession Class

4. The Complaint brings claims for purported violations of the UCC, the MVSFA, and Credit Acceptance's purported fiduciary or bailor duties. (*Id.* ¶ 120.)

5. Specifically, the Complaint alleges that Notices of Repossession allegedly sent by Credit Acceptance did not state: (1) the method of intended disposition for the repossessed vehicles; (2) the time and place of a public disposition; (3) the date after which a private sale would occur; (4) that any of the Plaintiffs were entitled to an accounting of the unpaid indebtedness; and (5) the cost, if any, for an accounting. (*Id.* ¶¶ 45-55.)

6. Plaintiffs also allege that such Notices of Repossession purportedly contained an inaccurate itemization for repossession expenses, resulting in an inaccurate disclosure of the redemption amount. (*Id.* ¶ 62.) Plaintiffs allege that the itemization for $300 in repossession expenses was "not the actual amount of the repossession expense incurred" by Credit Acceptance. (*Id.* ¶ 56.)

7. Plaintiffs also allege that Credit Acceptance knew the amount of the repossession expense as of the date of the sending of the Notices of Repossession to Plaintiffs but "deliberately failed to provide this information as a matter of policy and practice." (*Id.* ¶ 63.)

The Post-Sale Notice Class

8. The Complaint also brings claims with respect to the Post-Sale Notices, claiming violations of 12 Pa.C.S. § 6261(d), 13 Pa.C.S. § 9616 and/or 13 Pa.C.S. § 9610(b) (by violating 12 Pa.C.S. § 6261) for Credit Acceptance's alleged failure to send Post-Sale Notices in the manner required or at all. (*Id.* ¶ 125.)

9. Specifically, the Complaint alleges that "[Credit Acceptance] failed to send Post-Sale Notices to Plaintiffs and Class Members by registered or certified mail or failed to personally deliver it to them, in violation of 12 Pa.C.S. 6261(d) and/or failed to send a separate, separately addressed Notice of Post-Sale Notice . . . ." (*Id.* ¶ 91.)

10. In the alternative, Plaintiffs allege that Credit Acceptance failed to send a Post-Sale Notice to Plaintiffs and Class Members at all. (*Id.* ¶ 92.)

Relief

11. Plaintiffs seek various forms of relief, including: (1) monetary damages of not less than the credit service charge plus 10% of the principal amount of the obligation and minimum statutory damages of $500 for each claimant; (2) injunctive relief; and (3) declaratory and equitable relief. (*Id.* ¶¶ 94-100.)

**Removal Based on Class Action Fairness Act**

12. This putative class action falls within the original jurisdiction of this Court under CAFA. Pursuant to CAFA, a putative class action filed after its effective date of February 18, 2005, may be removed to the appropriate federal district court if: (1) the action purports to be a class action brought on behalf of 100 or more members; (2) any member of a class of plaintiffs is a citizen of a state different from any defendant; and (3) the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. §§ 1332(d), 1453(b). This action, which was filed on June 3, 2022,

meets each of these requirements.

**A.    Numerosity**

13.    CAFA requires that "the number of members of all proposed plaintiff classes in the aggregate" be at least 100.  28 U.S.C. § 1332(d)(5)(B).

14.    Plaintiff alleges that the "classes are so numerous that joinder of all members is impractical."  (Compl. ¶ 105.)

15.    Based on review of Credit Acceptance's business records, the proposed classes exceed 100 individuals in aggregate.  *See* 28 U.S.C. 1332(d)(5)(B).

16.    Accordingly, CAFA's numerosity requirement is satisfied. See 28 U.S.C. 1332(d)(5)(B).

**B.    Minimal Diversity**

17.    CAFA requires only minimal diversity, *i.e.*, that "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).

18.    The Complaint alleges that Plaintiffs are citizens of the Commonwealth of Pennsylvania.  (Compl. ¶¶ 3-5.)

19.    Credit Acceptance is incorporated in the State of Michigan, where it has its principal place of business.  Thus, Credit Acceptance is a citizen of Michigan for purposes of 28 U.S.C. § 1332(c)(1).

20.    Accordingly, Plaintiffs are diverse from Credit Acceptance.

**C.    Amount in Controversy**

21.    CAFA requires the matter in controversy exceed the sum of $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d)(2).  To determine the matter in controversy, "the claims of the individual class members shall be aggregated."  *Id.* § 1332(d)(6).  "[A] defendant's

notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014).

22. Although Credit Acceptance expressly denies that is has any liability to the named Plaintiffs or any putative classes, and expressly denies that any class could be properly certified under Federal Rule of Civil Procedure 23, it avers that the aggregate amount of relief sought by the alleged classes exceeds $5,000,000, exclusive of interest and costs. *Owens,* 574 U.S. at 84 ("When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." (citing 28 U.S.C. § 1446(c)(2)(A))).[1]

23. On behalf of the Post-Sale Notice Class Plaintiffs, the Complaint seeks minimum statutory damages of $500 per claimant pursuant to 13 Pa.C.S. § 9625(e)(5). (Compl. ¶ 98.) Credit Acceptance's business records indicate that more than 10,000 individuals received a Post-Sale Notice from Credit Acceptance in Pennsylvania since June of 2016. Accordingly, the alleged statutory damages sought in the Complaint by the Post-Sale Notice Plaintiffs alone, in the aggregate, exceed $5,000,000 (10,001 individuals x $500 per alleged violation = $5,000,500).

24. On behalf of the Notice of Repossession Class Plaintiffs, the Complaint also alleges statutory damages of not less than the credit service charge plus 10% of the principal amount of the obligation pursuant to 13 Pa.C.S. § 9625(c)(2). (*Id.* ¶ 94.)

25. Plaintiffs also seek declaratory, injunctive and equitable relief, asking, *inter alia*, the Court to enjoin collection of certain deficiency balances and refund monies paid by putative

---

[1] By removing this action to this Court, Credit Acceptance does not concede that it has any liability, let alone liability of greater than $5,000,000, to the members of the alleged classes. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.").

class members.  (Compl. p. 27-28.)  The amount in controversy includes the value of declaratory and injunctive relief to the putative class.  *See Excel Pharmacy Services, LLC v. Liberty Mutual Insurance Co.*, 825 F App'x 65, 68 (3d. Cir. 2020).  Any additional amounts ordered to be paid in this regard would further elevate the amount in controversy above the threshold CAFA requirement.

26. Taken together, these amounts exceed the jurisdictional minimum.

27. None of the exceptions to jurisdiction in 28 U.S.C. § 1332(d)(3) or (d)(4) apply.

28. Because this is a putative class action that was commenced after February 18, 2005, in which there is minimal diversity, at least 100 putative class members, and more than $5,000,000 in the aggregate amount in controversy, this Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441(a).

## Venue

29. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a), because this Court is the United States District Court for the district and division encompassing the place where the state court action is pending.

## Other Procedural Requirements

30. The suit was filed on June 3, 2022, and Credit Acceptance was served on June 7, 2022.  Accordingly, this removal is timely filed under 28 U.S.C. § 1446(b).

31. Credit Acceptance has attached a copy of the Complaint in the action as required by 28 U.S.C. § 1446(a).  (*See* **Exhibit 1**.)  No other process, pleadings, or orders have been filed in the action.

32. Promptly upon the filing of this Notice of Removal, a true copy of this Notice of Removal will be provided to all adverse parties and the Clerk for the Court of Common Pleas of

Philadelphia County pursuant to 28 U.S.C. § 1446(d).

33. No previous application has been made for the relief requested herein.

34. If any question arises as to the propriety of the removal of this action, Credit Acceptance respectfully requests the opportunity to present briefing and oral argument in support of its position that subject matter jurisdiction exists in this Court.

35. By removing the action to this Court, Credit Acceptance does not waive any defenses that are available to it under state or federal law or its right to arbitrate each named Plaintiff's claims on an individual basis. Nothing in this Notice of Removal shall be interpreted as a waiver, estoppel, preclusion, or relinquishment of Credit Acceptance's ability to assert any claim, counterclaim, cross-claim, third party claim, defense, or affirmative matter available under Rule 12 of the Federal Rules of Civil Procedure, and state or federal statute, common law or otherwise.

36. Under 28 U.S.C. § 1446(d), no further proceedings shall be had in the Court of Common Pleas of Philadelphia County.

WHEREFORE, Defendant Credit Acceptance prays that the above numbered and entitled cause of action on the docket of the Court of Common Pleas of Philadelphia County, be removed from that court to the docket of the United States District Court for the Eastern District of Pennsylvania in accordance with 28 U.S.C. § 1441.

Dated: July 6, 2022

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP

*/s/ Michael W. McTigue Jr.*
Michael W. McTigue Jr. (PA 69548)
Meredith C. Slawe (PA 201489)
Patrick G. Rideout (*pro hac vice* application forthcoming)
Mackenzie G. Newman (*pro hac vice* application forthcoming)
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
michael.mctigue@skadden.com
meredith.slawe@skadden.com
patrick.rideout@skadden.com
mackenzie.newman@skadden.com

*Attorneys for Defendant
Credit Acceptance Corporation*