IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS ROSS, JAMAL MOORE, ROBERT SMITH and REGINA SMITH, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>CREDIT ACCEPTANCE CORPORATION,<br><br>      Defendant. | Civil Action No. 22-2632 (KSM) |

**PLAINTIFFS' BRIEF IN SUPPORT OF
THE MOTION TO STAY PROCEEDINGS PENDING
DETERMINATION OF PLAINTIFFS' MOTION FOR REMAND, AND
<u>IF NECESSARY, REQUEST FOR 14-DAY EXTENSION TO FILE RESPONSE</u>**

      NOW COME the Representative Plaintiffs, Dennis Ross, Jamal Moore, Robert Smith, and Regina Smith, by and through their Attorney, who submit the following Brief in Support of Plaintiffs' Motion to Stay Proceedings Pending Determination of Plaintiffs' Motion for Remand, and if necessary, Request for 14-day Extension to File Response to the Motion to Compel Arbitration.

      Plaintiffs hereby request a stay of proceedings, including all briefing deadlines on Defendant's Motion to Compel Arbitration (ECF 12), pending a determination of Plaintiffs' Motion for Remand (ECF 19), and if necessary, further request a 14-day extension to file their Response to Defendant's Motion to Compel Arbitration.

      Defendant, Credit Acceptance Corporation (CAC), is a Michigan corporation that provides automobile financing to, among others, Pennsylvania consumers. Plaintiffs' Class Action Complaint, filed in the Court of Common Pleas of Philadelphia County, relates to the repossession

of consumers' motor vehicles in Pennsylvania and alleges that CAC violated the Pennsylvania Uniform Commercial Code ("UCC") independently, as well as the UCC in *pari materia* with the Pennsylvania Motor Vehicle Sales Finance Act ("MVSFA"). CAC was served with the Complaint on June 7, 2022, and filed its Notice of Removal on July 6, 2022. (ECF 1). On August 5, 2022, Plaintiffs filed their Motion for Remand (ECF 19), challenging subject matter jurisdiction.

Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n,* 554 F.2d 1254, 1256 (3d Cir. 1977) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). *Vermont Agency of Nat. Res. v. United States ex rel. Stevens,* 529 U.S. 765, 778, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000) (same).

The FAA provides a body of federal substantive law governing arbitration agreements in contracts involving commerce. *Vaden v. Discover Bank,* 556 U.S. 49, 59, 129 S.Ct. 1262, 173 L.Ed.2d 206 (2009). However, the FAA alone does not supply federal subject matter jurisdiction. *Vaden,* 556 U.S. at 59; *U-Haul Co. of California v. Williams*, 2014 WL 5768753, at *2 (E.D. Pa. 2014); *U-Haul Co. of California v. Williams*, 2014 WL 5768753, at *2 (E.D. Pa., 2014).

A federal court has authority to entertain a motion to compel arbitration if the court would have jurisdiction, "save for the arbitration agreement," over the "suit arising" out of the "controversy between the parties." *Vaden,* 556 U.S. at 66. In this "look through" analysis, the Court needs to determine that subject matter jurisdiction exists before it rules on anything else. *Id.*

Because Plaintiffs challenge subject matter jurisdiction, and because the issues raised in Defendant's Motion to Compel Arbitration only apply if the Court denies Plaintiffs' Motion to Remand, a brief stay of the proceedings is warranted, in the interest of judicial and party efficiency. See, e.g. *Jones v. Virtua Health, Inc.*, 2017 WL 77411 (D.N.J. 2017)*; Alrich v. Univ. of Phx., Inc.,* 2016 WL 427923 (W.D. Ky., 2016); *Jiwani v. United Cellular, Inc.,* 2014 WL 4805781 (N.D. Tex. 2014); *Turner v. JPMorgan Chase Bank, N.A.*, 2013 WL 212907 (D. Md. 2013); *Frey v. Grumbine's RV*, 2010 WL 3703803 (M.D. Pa., 2010)*; Sheinberg v. Princess Cruise Lines, Ltd.,* 269 F. Supp. 2d 1349, 1354 & n.1 (S.D. Fla. 2003).

Should this Honorable Court determine that it will proceed with Briefing on Defendant's Motion to Compel Arbitration, Plaintiffs' respectfully request a 14-day extension for Plaintiffs to file their Response to same.

Respectfully submitted,
Dilsworth Paxson, LLP.
/s/ *Elizabeth Preate Havey*
1500 Market St., Suite 3500E
Philadelphia, PA 16102
T: (215) 575-7123
epreatehavey@dilworthlaw.com

SHENKAN INJURY LAWYERS, LLC.
*/s/ Richard Shenkan*
Richard Shenkan
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been sent to all counsel of record by ECF and e-mail.

SHENKAN INJURY LAWYERS, LLC.
*/s/ Richard Shenkan*
Richard Shenkan